IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL WAYNE ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV 22-125-RAW-KEW |
| ) | |
| TERRY TUGGLE, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on Respondent's motion to dismiss (Dkt. 8) Petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner, an inmate currently incarcerated at John H. Lilley Correctional Center in Boley, Oklahoma, challenges his conviction and sentence in Wagoner County District Court Case No. CF-2009-438 for Assault with a Deadly Weapon. His sole ground for habeas relief alleges the State did not have jurisdiction to convict or sentence him for the incident, because it occurred within the territory of the Creek Nation, and the victim was a member of the Cherokee Nation. (Dkt. 1 at 5-6).

Petitioner frames the issue as a jurisdictional claim. *Id.* Respondent, however, maintains the claim is more accurately described as one that challenges the State's prosecutorial authority, as Oklahoma's courts enjoy unlimited subject matter jurisdiction and the Major Crimes Act, 18 U.S.C. § 1153, does nothing to deprive the State of subject matter jurisdiction. Okla. Const. art. VII, § 7. (Dkt. 9 at 3 n.5). More important, the Supreme Court's recent decision in *Oklahoma v. Castro-Huerta*, __ U.S. __, 142 S. Ct. 2486 (June

29, 2022), precluded relief on Petitioner's claim by holding that "the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country." *Id*. at 2504-05.

## I. Background

The record shows that on May 25, 2010, Petitioner pleaded nolo contendere and was sentenced to 15 years, suspended, upon completion of "Bill Johnson or similar/equivalent program within the Department of Corrections" for Count 1, Assault and Battery with a Deadly Weapon, to run concurrently with two additional cases that are not challenged in this habeas proceeding.[1] (Dkt. 9-1 at 2). Fifteen days after sentencing, on June 9, 2010, Petitioner attempted to withdraw his plea through a pro se letter to the state district court that was dated June 8, 2010. (Dkt. 9-2 at 8). His request to withdraw was denied as untimely on June 9, 2010, the day the letter was filed. *Id. See* Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. (requiring defendant to file application to withdraw plea with trial court within ten days after the judgment and sentence was issued). Petitioner did not directly appeal his Judgment and Sentence to the Oklahoma Court of Criminal Appeals (OCCA). (Dkt. 9-2 at 8-10).

On December 26, 2012, the State filed an application to revoke Petitioner's suspended sentence, alleging probation violations. (Dkt. 9-2 at 10). Petitioner did not appear on the

---

[1] The concurrent cases are Wagoner County District Court Case No. CF-2008-20 and Tulsa County District Court Case No. CF-2009-5602. (Dkt. 9-1 at 2).

State's application to revoke, resulting in the issuance of a bench warrant for his arrest. *Id.*

Five years later, Petitioner was arrested and charged with new crimes in Wagoner County District Court Case No. CF-2017-433. (Dkt. 9-6). He was arraigned on the outstanding bench warrant in Wagoner County District Court Case No. CF-2009-438 on March 24, 2017. (Dkt. 9-2 at 14). On July 26, 2017, pursuant to the application to revoke filed on December 26, 2012, the Wagoner County District Court revoked 14 years of the previously suspended sentence and gave Petitioner 21 days' credit for time served, to run concurrently with Wagoner County Case No. CF-2008-20. (Dkt. 9-5). Petitioner failed to seek review from the OCCA. (Dkt. 9-2 at 15-16).

On June 21, 2021, Petitioner filed an application for post-conviction relief in Wagoner County Case No. CF-2009-438, alleging that because his victim was an Indian, and the crime was committed on Indian Territory, the state district court lacked subject matter jurisdiction. (Dkt. 9-3). On September 13, 2021, the Wagoner County District Court denied Petitioner's post-conviction application, citing *Matloff v. Wallace*, 497 P.3d 686 (Okla. 2021), which held that *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020),[2] is not retroactive on collateral review and will not void final state convictions. (Dkt. 9-7 at 3). The district court held that because Petitioner's conviction was final prior to July 9, 2020, the date of the *McGirt* decision, his claim was barred by *Wallace*. (Dkt. 9-7 at 4-5). On January 28, 2022, the OCCA affirmed

---

[3] *McGirt v. Oklahoma*, __ U.S. __, 140 S.Ct. 2452 (2020), held that the Muscogee (Creek) Nation's Reservation in eastern Oklahoma had not been disestablished and therefore met the definition of "Indian country" under the Major Crimes Act. *Id*. at 2478.

the denial of petitioner's application for post-conviction. (Dkt. 9-8).

## II.   Statute of Limitations

Respondent's motion to dismiss alleges the petition is time-barred under the one-year statute of limitations set forth by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(d). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A.   Petitioner's claims are subject to AEDPA's limitations period.

As stated above, AEDPA gives prisoners a one-year statute of limitations to seek a writ of habeas corpus from federal courts. 28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner,

however, seems to argue that the nature of his claim makes it impervious to the AEDPA's requirements. (Dkt. 1 at 9-11). This Court and other courts in this Circuit have rejected similar arguments. *See*, *e.g.*, *Sanders v. Pettigrew*, No. CIV-20-350-RAW-KEW, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (unpublished); *Barnes v. Dowling*, No. 19-CV-0097-JED-FHM, 2019 WL 5697187, at *6 (N.D. Okla. Nov. 4, 2019) (unpublished); *Murrell v. Allbaugh*, No. 18-CV-0341-JHP-FHM, 2019 WL 2130144, at *5 (N.D. Okla. May 15, 2019) (unpublished); *Walker v. Calbone*, No. 06-CV-294-TCK-SAJ, 2007 WL 845926, at *3 (N.D. Okla. Mar. 19, 2007) (unpublished); *see also Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (rejecting petitioner's argument that his claim that the trial court lacked subject matter jurisdiction was exempt from AEDPA's timeliness requirement). These decisions reject the notion that challenges to a state court's "subject matter jurisdiction" may be raised at any time, or can never be waived, in federal court. In *Cole v. Pettigrew*, No. 20-CV-0459-JED-CDL, 2021 WL 1535364 (N.D. Okla. Apr. 19, 2021) (unpublished), the court reasoned:

> To the extent Cole relies on his assertion that issues of subject-matter jurisdiction can never be waived, under state law, to show that his petition is timely, that reliance is misplaced. Regardless of whether Cole can raise a challenge to the trial court's subject-matter jurisdiction in state court, free of any time limitations, *the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction*. And, on the record presented, Cole has not shown that this is one of the rare cases where equity favors an exception to the statute of limitations.

*Id.* at *2 n.4 (emphasis added). *See also Sampson v. Dowling*, No. 20-CV-0361-JED-CDL, 2021 WL 1318662, at *3 n.7 (N.D. Okla. Apr. 8, 2021) (unpublished) (finding the habeas

5

petitioner's challenge to the State's prosecutorial authority was time-barred under the AEDPA and refusing the petitioner's assertion that his claim could be raised "at any time" notwithstanding the time constraints of § 2244(d)(1)).  As in *Cole*, Petitioner appears to be asserting that the nature of his claim exempts him from the limitations period imposed under AEDPA. (Dkt. 1 at 9-11).  The court's reason for rejecting that argument--that the plain language of § 2244(d)(1) permits no such exception--clearly applies here.  *Cole*, 2021 WL 1535364, *2 n.4.  There is nothing about Petitioner's claim that exempts him from the limitations period set by AEDPA.

Petitioner's bare reliance on the fact that his claim attacks the State's prosecutorial authority does nothing to exempt his claim from the requirements of AEDPA's limitations period.  Because Petitioner cannot show he is exempted from § 2244(d)(1), the analysis turns to whether his habeas petition is timely under that statute.

### B.  The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

Under § 2244(d)(1)(A), the statute of limitations runs from the conclusion of direct appeal.  *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003).  Direct review does not conclude for the purposes of § 2244(d)(1)(A) until the "availability of direct appeal to state courts, and to [the Supreme] Court, has been exhausted." *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (internal citations and quotations omitted).  See Sup. Ct. R. 13(1) (providing 90 days after entry of the judgment to seek review with the United States Supreme Court).  In the context of a plea of guilty or nolo contendere, however, a defendant's

conviction becomes final ten days from the plea if a motion to withdraw plea is not timely filed. *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing Rules 2.5(A) and 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App.).

Here, Petitioner's sole claim, which is based on the alleged lack of the State's prosecutorial authority, claims that there was a defect in the state court's power to convict and sentence him in his original case. (Dkt. 1). He is not challenging the revocation of his sentence. Thus, his deadline for filing a habeas petition runs from the date when he pled and was sentenced, not from the date of the revocation of his suspended sentence. *See Lowe v. Dinwiddie*, No. 05-7077, 163 F. App'x 747, 749 (10th Cir. Jan. 19, 2006) (unpublished) (holding that because the petitioner was challenging the imposition of the sentence and not the revocation proceedings, the limitation period was controlled by the date the sentence was imposed, making his petition untimely).

Petitioner entered his plea of nolo contendere on May 25, 2010. (Dkt. 9-2 at 8). He failed to timely move to withdraw his plea, so his conviction became final ten days later on Friday, June 4, 2010. *Cf. Clark*, 468 F.3d at 713 (citing Rules 2.5(A) and 4.2(A)). His one-year limitation period began the next day, June 5, 2010; absent a tolling event, it therefore would have expired Monday, June 6, 2011.[3] *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); *Hurst*, 322 F.3d at 1260.

---

[3] Because the statute of limitations technically would have expired on Sunday, June 5, 2011, the expiration date was extended to the next weekday, Monday, June 6, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C).

Petitioner attempted to withdraw his plea on June 9, 2010, and the request was denied as untimely by the state district court on that same date. (Dkt. 9-2 at 8). In a similar situation, the United States District Court for the Western District of Oklahoma held that the petitioner's untimely motion to withdraw his guilty plea out of time had no tolling significance. *See Thornton v. Dinwiddie*, No. CIV-07-1321-W, 2009 WL 89641, at *4 (W.D. Okla. Jan. 13, 2009) (unpublished). During his one-year limitations period, Petitioner filed no post-conviction applications or any other collateral review motions, meaning he does not receive the benefit of any statutory tolling. (Dkt. 9-2 at 8-9). This habeas petition was filed more than ten years after expiration of the limitations period.

**C. The petition is untimely under 28 U.S.C. § 2244(d)(1)(C).**

As quoted above, the one-year limitation period begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Petitioner has not invoked this provision. Nonetheless, the statute does not render the petition timely.

Even if the Court were to use July 9, 2020, when *McGirt* was issued, as a new triggering date under § 2244(d)(1)(C), Petitioner still is untimely. He filed his first post-conviction application on June 21, 2021 (Dkt. 9-3 at 1), 347 days after July 9, 2020, leaving only 18 days in this analysis of his limitation period. The OCCA affirmed the denial of his post-conviction application on January 28, 2022. (Dkt. 9-8 at 2). Therefore, the statute of

limitations would have expired on February 15, 2022, more than two months before this habeas petition was "filed "on April 21, 2022, by placing it in the prison mailing system. (Dkt. 1 at 31). *See United States v. Leonard*, 937 F.2d 494, 495 (10th Cir. 1991) (to benefit from the mailbox rule, the document must be deposited in the prison's legal mail system, not the prison's regular mail system). The petition, therefore, was untimely under § 2244(d)(1)(C).

Regardless of the untimeliness of the petition, the federal courts have repeatedly rejected the notion that *McGirt* recognized a new, retroactive constitutional right for purposes of § 2244(d)(1)(C). *See Mitchell v. Nunn*, 601 F. Supp. 3d 1076, 1082 (N.D. Okla. 2022); *Jones v. Pettigrew*, No. CIV-18-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021) (unpublished) (collecting cases); *Sanders*, 2021 WL 3291792, at *5

### D.     Petitioner is not entitled to equitable tolling.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (2007) (citations

9

omitted).

Petitioner argues he is actually innocent of any crime in the State of Oklahoma, because the State exceeded its authority to prosecute him. (Dkt. 1 at 29-30). He further asserts that the record will show that he, his attorney, and the court "correctly understood the essential elements of criminal jurisdiction . . . making the plea invalid under [the] Federal Constitution. *Id.* at 30. A time-barred petitioner asserting a claim of actual innocence must "support his allegations of constitutional error with new reliable evidence--whether it is exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Here, the Court finds there is no evidence in the record to suggest that uncontrollable circumstances impeded Petitioner from timely filing his federal claim or that he is actually innocent of the crime to which he entered a plea of nolo contendere. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (finding the petitioner's "plea of guilty simply undermines" his actual innocence claim.). Thus, he is not entitled to equitable tolling.

### III.  Certificate of Appealability

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] Court was correct in its procedural ruling." *Slack v. McDaniel*, 529

U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**,

Respondent's motion to dismiss (Dkt. 8) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 30th day of January 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA